I respectfully disagree with the majority's finding that plaintiff is credible concerning the two alleged lifting incidents at work.
Plaintiff spoke with supervisors Becky Lambert, Israel Galvez and Florencio Chavez, and with plant nurse Lynn Brooks on the morning of October 28, 2008. Both Mr. Galvez and Mr. Chavez spoke with plaintiff in Spanish. Plaintiff did not indicate to any of the supervisors or Ms. Brooks that he had injured his back at work. Furthermore, while plaintiff informed Mr. Galvez that his back had been hurting since the previous Thursday (October 23, 2008), he informed Mr. Chavez and Ms. Brooks that his back had started hurting the previous night. Later in the day on October 28, 2008, after he was advised by Juan Montes of The Western North Carolina Workers' Center to inform defendant-employer that he had been injured at work, plaintiff spoke with human resources manager Kathy Eads and requested that she change the referral form he had received from Ms. Brooks to reflect that he had been injured at work. When Ms. Eads asked plaintiff what had happened to his back, he replied in English, "I don't know. I don't know. Maybe over there (indicating his work site). Maybe over there lifting all the time, I guess. I really don't know." Ms. Eads then enlisted the assistance of Mr. Chavez to translate, and through Mr. Chavez, plaintiff indicated, "Well, maybe I hurt myself over there — maybe. I don't know." Plaintiff's inconsistent statements to defendant-employer's employees are also inconsistent with the medical records from the emergency department at Catawba Valley Medical Center, which reflect that plaintiff told a nurse that he had been experiencing back pain *Page 15 
for two weeks, and with his statement to P.A. Dustin Otterberg that he had injured himself approximately a week and a half earlier. These inconsistencies serve as a sufficient basis to reject plaintiff's testimony regarding the two alleged lifting incidents at work as not credible and to conclude that plaintiff did not sustain an injury by accident or specific traumatic incident arising out of his employment with defendant-employer.
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1